Robert J. WILSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7272.

Court of Appeals of Alaska.

Nov. 9, 2000.

---

Richard D. Kibby, Anchorage, for Appellant.

Ben M. Herren, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

In this case, the superior court sealed a search warrant affidavit because certain details in that affidavit would have revealed the identity of a confidential police informant. After the search was conducted and the defendant was indicted, the defendant asked the court to unseal the affidavit so that the defendant could find out the court's basis for issuing the warrant. The court again found that certain details in the affidavit would tend to reveal the identity of the informant, and so refused to unseal the affidavit.

Under Evidence Rule 509(a), the government has a privilege to withhold the identity of its informants. But only the informant's identity is privileged. Other information contained in a search warrant application is not privileged except to the extent that disclosure of this information would also disclose the informant's identity. In the case before us, only a few passages of the affidavit contained information that would disclose the informant's identity, and those passages can easily be paraphrased or edited so that the gist of those passages can be made public without disclosing details that would identify the informant. For these reasons, we hold that the superior court abused its discretion in keeping the affidavit sealed.

Based upon a tip from a confidential informant, the Alaska State Troopers began an investigation which led them to obtain a search warrant to search the residence of Robert J. Wilson. At the request of the troopers, Superior Court Judge Beverly Cutler ordered the affidavit in support of the search warrant sealed in order to protect the identity of the informant. The troopers served the warrant and discovered evidence of a marijuana-growing operation. Wilson and a co-defendant, Joel Pennington, were indicted on four counts of misconduct involving a controlled substance in the fourth degree, a class C felony.

Wilson then filed a motion seeking disclosure of the identity of the confidential informant. In his memorandum in support of the motion, Wilson argued that because the trial court had sealed the affidavit in support of the search warrant, he had no information about whether the affidavit established probable cause to support the issuance of the search warrant. He pointed out that he would be unable to determine whether the search of his residence was reasonable under the United States and Alaska Constitutions without this information. Wilson emphasized that under Evidence Rule 509, the government's informer privilege protects only the informant's identity, not the information the informant supplied. The state opposed the motion and requested an *in camera* hearing "to determine whether or not the search warrant based on the informant's information was justified." The state did concede, however, that the court could disclose to the defense "discoverable information that is consistent with protection of persons and effective law enforcement."

Because Judge Cutler had issued the search warrant, she assigned Superior Court Judge Eric Smith to conduct the *in camera* hearing. At the *in camera* hearing, Judge Smith heard testimony from Alaska State Trooper Raymond L. Culbreth, the trooper who swore to the affidavit in support of the search warrant, and testimony from the informant. At the conclusion of the hearing, Judge Smith ruled that the state had established legitimate reasons to keep the informant's identity confidential. He also found that the informant was a mere tipster who had provided information which led to the police investigation and that therefore the informant's identity was not critical to Wilson's defense. He accordingly denied Wilson's motion to disclose the identity of the informant.

Judge Smith then went on to determine whether the search warrant was supported by probable cause. He concluded that the affidavit in support of the search warrant was sufficient to establish probable cause even if the information supplied by the informant was not used. He consequently denied the defendant's motion to suppress the fruits of the search warrant.

■ We do not reach the merits of Judge Smith's various rulings because we conclude that Judge Smith erred in the way he handled the case. Under Alaska Evidence Rule 509(a), the government has a privilege "to refuse to disclose the identity of a person who has furnished information relating to or assisting in [a law enforcement] investigation." But, as the commentary to this rule declares, only the informer's identity is privileged. Communications to and from the informer are not privileged "except to the extent that disclosure [of these communications] would operate also to disclose the informer's identity." [1]

■ Evidence Rule 509 does not authorize the government—or the court—to keep a search warrant application secret after the search has been conducted and the defendant publicly charged with a crime. The government is privileged to conceal or redact only those portions of the application that identify its informant. [2]

■ We have reviewed the search warrant application, the testimony presented to Judge Smith during the *in camera* hearing, and Judge Smith's written findings. We agree with Judge Smith that the search warrant affidavit contains certain facts which, if disclosed, would make identification of the informant relatively easy. But most of the affidavit could be revealed to Wilson without disclosing the informant's identity. Even the parts of the affidavit that would disclose the informant's identity could be paraphrased or edited so that the gist is revealed to Wilson without disclosing details that would identify the informant.

For these reasons, we hold that the superior court abused its discretion in keeping the search warrant affidavit secret. We vacate the superior court's decision to keep the affidavit sealed, and we direct the superior court to reveal to Wilson all parts of the search warrant application that are not privileged under Evidence Rule 509. We further direct the superior court to reveal to Wilson all non-privileged portions of the testimony given at the *in camera* hearing. [3] With respect to the portions of the affidavit and the *in camera* testimony that are privileged, we direct the superior court to consider whether these portions might be edited or paraphrased in a way that maintains the government's privilege but nevertheless communicates pertinent information to Wilson.

After the superior court has disclosed the appropriate portions of the search warrant application and *in camera* testimony to Wilson, the court shall give Wilson a renewed opportunity to challenge the search warrant. If Wilson challenges the warrant, and if the

---

**1.** Commentary to Alaska Evidence Rule 509(a), third paragraph.

**2.** *See Peterson v. State,* 813 P.2d 685, 690 (Alaska App.1991).

**3.** *See id.* at 690–91.

court again upholds the warrant, Wilson shall be entitled to file a new appeal within thirty days from the superior court's decision.

This case is REMANDED to the superior court for further proceedings in conformity with this opinion. We do not retain jurisdiction of this case.